[Cite as *Ahrns v. Lebanon Correctional Inst.*, 2010-Ohio-4784.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. AHRNS

    Plaintiff

    v.

LEBANON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-09027-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, James E. Ahrns, an inmate incarcerated at defendant, Lebanon Correctional Institution (LeCI), alleged several items of personal property were stolen from his cell housing unit on May 18, 2009 at a time when he was away from the unit. Plaintiff recalled he left the cell to go to the LeCI dining hall and then to yard recreation and locked the cell door before leaving the area. Plaintiff stated, "upon returning to the block, my cellmate and I discovered our cell door ajar and our property missing." Plaintiff noted he immediately reported the theft to LeCI employee Officer O'Rourke. Plaintiff advised that "O'Rourke did not make any attempt to investigate the theft or conduct a search or attempt to recover the property," which included a hot pot, a power strip, a clear digital clock, a radio, ear buds, a digital converter box with remote control, a universal remote control, a twenty-two ounce mug, a calculator, a pair of shower shoes, state issue t-shirts, socks, and undershorts, a bottle of baby powder, and a tube of toothpaste. Plaintiff submitted a copy of an "Inmate Property Theft/Loss Report" (Theft Report) that was filed incident to his reporting the theft. According to

information contained in the Theft Report, no investigation was conducted, no search for any property was performed, and no action at all was taken by LeCI personnel other than filing the Theft Report.

**{¶ 2}** 2) Plaintiff suggested Officer O'Rourke opened the cell door by "using the electronic key box" thereby giving access to the cell and the property stored inside. Plaintiff therefore, contended Officer O'Rourke acted negligently in opening the cell door before ascertaining the identity of any particular inmate requesting the cell door be opened. Plaintiff filed this action asserting his property was stolen as a result of negligence on the part of LeCI personnel in indiscriminately opening his cell door to consequently facilitate a theft. Plaintiff seeks recovery of damages in the amount of $133.69, the stated replacement cost of the claimed stolen property. Plaintiff related he has receipts for his property, but he did not submit any receipts. Plaintiff also claimed the loss of state issue clothing items and any claim for state issued property is denied.[1] Payment of the filing fee was waived.

**{¶ 3}** 3) Defendant denied liability in this matter arguing that plaintiff did not offer sufficient evidence to prove any of his property was stolen as a proximate cause of negligence on the part of LeCI staff in opening his cell door. Defendant explained that LeCI employees Officer O'Rourke and Officer Weiss were assigned to plaintiff's cellblock on May 18, 2009 and both denied opening plaintiff's cell door. Additionally, the LeCI Inspector reported, "O'Rourke was interviewed and denied the allegations of using the electronic key box to open any cell doors and stated that he was assigned to range 1 and the CO's desk on the date in question and that since Ahrns lived on range 3 in cell 34 he would not have any reason to unlock the cell door." Defendant noted Officer Weiss was assigned to range 3 on May 18, 2009 where plaintiff was housed. However, according to the LeCI Inspector Weiss "denied opening any cell doors without properly verifying that inmates lived in the respective cell." Defendant did not provide any written statements about the events on May 18, 2009 from either Officer O'Rourke or Officer Weiss. Defendant denied any of plaintiff's property was stolen or unrecovered as a

---

[1] This court has previously held that property in an inmate's possession which cannot be validated by proper indicia of ownership is contraband and therefore, no recovery is permitted when such property is lost or stolen. *Wheaton v. Department of Rehabilitation and Correction* (1988), 88-04899-AD. Consequently, plaintiff's claim for the loss of state issued property items such as socks, t-shirts, and undershorts is denied since he has failed to offer sufficient proof to show he owned the property. See

result of a negligent act or omission on the part of LeCI personnel.

{¶ 4} 4) Plaintiff filed a response contending his property was stolen when his cell was unlocked by an employee of defendant. Plaintiff submitted identical typed statements from two fellow inmates, John David Anderson and Timothy Wilson who both advised they were in plaintiff's cellblock on May 18, 2009. Both Anderson and Wilson provided the following listed statements concerning the conduct of Officer O'Rourke:

{¶ 5} "That I assert that it is common practice for Corrections Officer O'Rourke to use the key box to open cell doors rather than individually checking Inmate Identification badges and comparing them to Cell Identification badges. This key box is located near the officers' desk and is of great distance from most cell doors and is usually used when an officer does not feel like walking the ranges to unlock the doors.

{¶ 6} "That Corrections Officer O'Rourke would open whatever cell door an Inmate would call out from the ranges without looking first or checking to see if that is actually the inmate's cell location.

{¶ 7} "That the opening of doors in this manner had led to many cells being burglarized and it is a common practice at the Lebanon Correctional Institution for officers to open whatever door an inmate calls out over the ranges.

{¶ 8} "That any inmate who wishes to gain access to another inmates cell can do so simply by calling out that particular cell number to the officers using the key box."

CONCLUSIONS OF LAW

{¶ 9} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 10} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

---

**{¶ 11}** 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 12}** 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 13}** 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 14}** 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 15}** 7) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive as well as the assertions of John David Anderson and Timothy Wilson.

**{¶ 16}** 8) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

**{¶ 17}** 9) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 18}** 10)Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

**{¶ 19}** 11) However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

**{¶ 20}** 12) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

**{¶ 21}** 13) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the bulk of the property items claimed were indistinguishable and, therefore, no duty to search arose. *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743, 2009-Ohio-5741.

**{¶ 22}** 14) Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. Plaintiff has failed to offer proof he owned any of the alleged stolen property.

**{¶ 23}** 15) Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

**{¶ 24}** 16) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD. *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. AHRNS

    Plaintiff

    v.

LEBANON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-09027-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James E. Ahrns, #528-686        Gregory C. Trout, Chief Counsel
3791 St. Rt. 63                  Department of Rehabilitation
P.O. Box 56                    and Correction
Lebanon, Ohio  45036          770 West Broad Street
                                Columbus, Ohio  43222

RDK/laa
Filed 6/4/10

Sent to S.C. reporter 10/1/10